## CRESPO v FIREMAN'S FUND INSURANCE COMPANY, etc., et al.

### Case No. 87-19721 CA 01

Eleventh Judicial Circuit, Dade County

March 31, 1989

### APPEARANCES OF COUNSEL

**Knecht & Knect, P.A.,** for plaintiff.

**Luis G. Figueroa, P.A.,** for defendant.

### OPINION OF THE COURT

BERNARD R. JAFFE, Acting Circuit Judge.

### *FINAL JUDGMENT*

THIS CAUSE arises before the Court on Plaintiff's Motion for Summary Judgment. After having considered the court file, heard argument from the parties on 3/15/89, and the Court otherwise being fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1. Plaintiff's 11/16/88 Motion for Summary Judgment against defen-

dant FIREMAN'S FUND INSURANCE COMPANY is hereby granted and Final Judgment is hereby entered in favor of plaintiff HUGO CRESPO and against defendant, FIREMAN'S FUND INSURANCE COMPANY. The Court reserves jurisdiction on Plaintiff's Motion to Tax Costs and any other post final judgment motions.

2. The automobile insurance policy issued by FIREMAN'S FUND INSURANCE COMANY to Pierre Richard insuring the non-public sector bus in the amount of $10,000.00 is hereby reformed to comply with Florida Statute § 627.742 to reflect liability policy limits of $100,000.00 per person.

3. The parties are bound by this Final Judgment in Hugo Crespo v Pierre Richard, Case No: 86-06530.

The foregoing is based upon the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Pierre Richard ran over the plaintiff, HUGO CRESPO, with his vehicle and as result the Plaintiff filed a personal injury lawsuit against Mr. Richard in *Hugo Crespo v Pierre Richard,* Case No: 86-06530. *Defendant's Amended Response to Plaintiff's Motion for Summary Judgment, at para. 11.*

2. Pierre Richard and his vehicle were insured by defendant FIREMAN'S FUND INSURANCE COMPANY. Said automobile insurance policy provided liability coverage in the amount of $10,000.00 per person.

3. Plaintiff contends in this declaratory decree action that said insurance should be reformed pursuant to Florida Statute § 627.418 (1982) to provide liability coverage in the amount of $100,000.00 per person.

4. At the time of the above-referenced accident, the insured's vehicle was a non-public sector bus and was required to carry liability insurance in the amount of $100,000.00 per person pursuant to Florida Statute § 627.742 (1981).

### CONCLUSIONS OF LAW

1. According to Rule 14-82.009 of the Florida Administrative Code, a non-public sector bus shall carry all insurance required by F.S. § 627.742 (1981), and shall maintain proof of compliance with said statute aboard each bus. *Defendant's Amended Response to Plaintiff's Motion for Summary Judgment*, at para. 17.

2. Florida Statute § 624.11(1) (1982) provides that "no person shall

transact insurance in this state . . . without complying with the applicable provisions of this code."

3. Florida Statute § 627.418 (1982) provides that "any insurance policy . . . which contains any condition or provision not in compliance with the requirements of this code shall not be thereby rendered invalid . . . but shall be construed and applied in accordance with such conditions and provisions as would have applied had such policy . . . been in full compliance with this code."

4. Florida Statute § 627.742 (1981) provides that a non-public sector bus must carry liability insurance in the amount of $100,000.00 because of bodily injury to, or death of, one person in any accident.

5. At the time of the above-referenced accident, the insured's vehicle was a non-public sector bus and was required to carry liability insurance in the amount of $100,000.00 per person pursuant to Florida Statute § 627.742 (1981).

DONE and ORDERED in Chambers at Miami, Dade County, Florida, this 31st day of March, 1989.